[Crim. No. 7521. Second Dist., Div. Three. Apr. 5, 1961.]

THE PEOPLE, Respondent, v. RICHARD A. PETTY, Appellant.

Richard A. Petty, in pro. per., for Appellant.

No appearance for Respondent.

THE COURT.—Richard A. Petty appeals in propria persona from a judgment after verdict which adjudged him guilty of the unlawful sale of heroin. He was accused of having suffered a conviction of a similar offense, which he admitted. In this court he applied for appointment of counsel. We read the record, and finding the appeal to be without merit, we denied the application in accordance with this court's responsibility and policy in such cases. No good purpose could be served by the appointment of counsel in such obviously hopeless appeals as the present one. Payment of counsel fees would be an unwarranted dissipation of state funds. Defendant was given an opportunity to file a brief. He has filed what purports to be a brief. It contains only vague assertions of violation of constitutional rights.

There was evidence of the following facts. One afternoon Officer Lockhart went to the residence of defendant in Los Angeles. He was accompanied by one Ann Johnson, who introduced him to defendant and asked defendant whether he had "anything." Defendant replied that he had only "one thing" left. The three went through the house and into a garage. There were articles of clothing in the garage which defendant explained by stating that he intended to open a second-hand store. Ann Johnson bought several articles of women's clothing. Defendant took a yellow balloon from a clothes closet and handed it to Lockhart who handed defendant a $5.00 bill. The balloon contained a white powder which was delivered to a chemist, was analyzed and was proved at the trial to be heroin. It was introduced in evidence without objection. No inquiry was made at the trial as to the whereabouts of Ann Johnson nor was it intimated that her presence at the trial was desired. There were no rulings adverse to defendant during the trial. Defendant did not take the stand. He produced one witness who testified to having seen the three persons enter the garage and emerge from it, but to no fact in contradiction of the testimony of Officer Lockhart. Defendant was ably represented during the trial by a deputy public defender. We have examined the instructions and find that those given by the court were correct and adequate statements of the law, and that no instruction which was requested by defendant was refused.

The judgment is affirmed.